

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2004

# Hamilton v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3296

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Hamilton v. Atty Gen USA" (2004). *2004 Decisions.* Paper 837.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/837

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3296

SYLVESTER HAMILTON,
Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order of the
Immigration and Naturalization Service
Board of Immigration Appeals
(BIA No. A43 094 961)

Submitted Under Third Circuit LAR 34.1(a)
April 13, 2004

Before: RENDELL, COWEN and LAY*, Circuit Judges

(Filed: April 14, 2004)

OPINION OF THE COURT

*Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

LAY, Circuit Judge.

Sylvester Hamilton seeks review of a decision of the Board of Immigration Appeals (the "Board") vacating the order of an immigration judge ("IJ") that removed the conditional basis of Hamilton's lawful permanent resident status. Because we hold that we lack jurisdiction to review the Board's decision, we will deny the petition for review.

BACKGROUND

Hamilton, a native and citizen of Jamaica, married a United States citizen on August 16, 1990, and entered the United States on December 23, 1991, as a lawful permanent resident on a conditional basis. See 8 U.S.C. § 1186a(a)(1). In order for the conditional basis of Hamilton's lawful permanent resident status to be removed, Hamilton and his wife had to file a joint petition for removal of the condition and appear together for a personal interview. Id. § 1186a(c)(1). Because a joint petition was never filed, Hamilton petitioned for discretionary removal of the condition under 8 U.S.C. § 1186a(c)(4), which authorizes the Attorney General to waive the joint filing requirement if one of three "hardship" categories is met. One of the categories allows a waiver of the joint filing requirement if the marriage was entered into in good faith but later terminated, other than through death of the spouse, and the alien was not at fault in failing to file the joint petition. Id. § 1186a(c)(4)(B). Another category allows a wavier if the marriage was entered into in good faith but during the marriage the alien spouse was

2

subjected to extreme cruelty by the citizen spouse and was not at fault in failing to file the joint petition. Id. § 1186a(c)(4)(C).

On June 4, 1998, the Immigration and Naturalization Service ("INS") denied Hamilton's petition, finding that he did not qualify for a waiver of the joint filing requirement. As a result, Hamilton's conditional permanent resident status was terminated. On June 25, 1998, the INS served Hamilton with a notice to appear, charging him with being removable because his conditional permanent resident status had been terminated. Following a hearing in immigration court, the IJ found that Hamilton was eligible for a waiver of the joint filing requirement under § 1186a(c)(4)(B) and granted his petition to remove the conditional basis of his lawful permanent resident status.

The INS appealed to the Board. On July 7, 2003, the Board sustained the appeal and vacated the IJ's opinion, concluding Hamilton failed to meet his burden of establishing that he entered into the marriage in good faith. The Board ordered that Hamilton either voluntarily depart from the United States or be removed to Jamaica. Hamilton petitioned for review of the Board's decision.

DISCUSSION

We must consider our jurisdiction over Hamilton's petition. The Board's removal order was not referred to the Attorney General for review and is therefore administratively final. Thus, our jurisdiction over Hamilton's petition for review would

3

arise under 8 U.S.C. § 1252(a)(1), which provides for judicial review of final orders of removal. However, § 1252(a)(2)(B)(ii) divests courts of jurisdiction to review any "decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title." Id.[1]

Section 1186a(c)(4) leaves it to the Attorney General's discretion whether to remove the conditional basis of an alien's lawful permanent resident status absent the filing of a joint petition. Id. § 1186a(c)(4). Stated another way, the Attorney General has discretion to grant a "hardship waiver" of the joint filing requirement provided the alien can demonstrate, *inter alia*, that "the qualifying marriage was entered into in good faith." Id. In this regard, "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General." Id. In this case, the Board concluded that Hamilton was not entitled to a hardship waiver because he had not met his burden of demonstrating a good-faith marriage. We conclude that this determination is a discretionary decision that we may not review.

Our conclusion is supported by Mendez-Moranchel v. Ashcroft, 338 F.3d 176 (3d Cir. 2003). In Mendez, we considered whether we had jurisdiction to review the Board's decision denying Mendez's request for cancellation of removal under 8 U.S.C. § 1229b.

---

[1]The phrase "under this subchapter" refers to subchapter II of Chapter 12 of Title 8, which includes sections 1151 through 1378. See CDI Info. Servs., Inc. v. Reno, 278 F.3d 616, 619 (6th Cir. 2002). Thus, the section at issue in this case, § 1186a, falls within this subchapter.

4

Id. at 176. Pursuant to § 1229b, the Attorney General may cancel the removal of an alien if four requirements are met, including the requirement that removal would result in extreme hardship. 8 U.S.C. § 1229b(b)(1). In Mendez, the Board determined that Mendez failed to meet the hardship requirement and denied his request for discretionary cancellation of removal. Mendez, 338 F.3d at 177. We held that we were without jurisdiction to review the Board's decision because whether an alien had met the hardship requirement was a discretionary decision. Id. at 179.

As in Mendez, the Board determined that Hamilton had not met the requirement of demonstrating that his marriage was entered into in good faith, effectively denying Hamilton's request for a hardship waiver under § 1186a(c)(4). We conclude that the determination of whether Hamilton demonstrated the requirements for a hardship waiver "is a quintessential discretionary judgment." Mendez, 338 F.3d at 179. Furthermore, the authority to grant a hardship waiver is clearly within the discretion of the Attorney General and thus falls squarely within the plain language of § 1252(a)(2)(B)(ii).

Therefore, we lack jurisdiction to review the Board's decision, and the petition for review will be denied.